IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SYLVIA REESE, o/b/o          :
WHITNEY D. REESE,            :
                             :
     Plaintiff,              :
                             :
vs.                          :     CIVIL ACTION 04-0812-P-M
                             :
JO ANNE B. BARNHART,         :
Commissioner of             :
Social Security,            :
                             :
     Defendant.              :

REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Award of
Attorney's Fees Pursuant to the Equal Access to Justice Act 28
U.S.C. 2412, with supporting Memorandum (Docs. 17, 18) and
Defendant's Response to Plaintiff's Motion for Award of
Attorney's Fees Pursuant to the Equal Access to Justice Act 28
U.S.C. § 2412 (Doc. 20).  After consideration of the pertinent
pleadings, it is recommended, without objection, that the Motion
be granted and that Plaintiff's attorney be awarded an EAJA
attorney's fee in the amount of $662.50.

Plaintiff filed this action on December 22, 2004 (Doc. 1).
On October 3, 2005, the Court entered judgment remanding this
action to the Commissioner for further proceedings pursuant to
sentence four of 42 U.S.C. § 405(g) (Docs. 15, 16).  On December
15, 2005, Colin E. Kemmerly, counsel for Plaintiff, filed a
Motion for Award of Attorney's Fees Pursuant to the Equal Access
to Justice Act 28 U.S.C. 2412, in which Plaintiff requests a fee

of $662.50, computed at an hourly rate of $125.00 for 5.30 hours

spent in this Court (Docs. 17, 18).  Defendant in her Response

filed December 29, 2005, stated that she does not oppose

Plaintiff's Motion (Doc. 20).

    The EAJA requires a court to

> award to a prevailing party ... fees and
> other expenses ... incurred by that party in
> any civil action ..., including proceedings
> for judicial review of Agency action, brought
> by or against the United States ..., unless
> the court finds that the position of the
> United States was substantially justified or
> that special circumstances make an award
> unjust.

28 U.S.C. § 2412(d)(1)(A).  The EAJA further requires that a

prevailing party file an application for attorney's fees within

thirty days of final judgment in the action.  28 U.S.C. §

2412(d)(1)(B).  The court's judgment is final sixty days after it

is entered, which is the time in which an appeal may be taken

pursuant to Rule 4(a) of the Federal Rules of Appellate

Procedure.  See Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct.

2625, 2632 (1993).

    Defendant concedes that Plaintiff became the prevailing

party when the Court remanded this action, Schaefer, 113 S.Ct. at

2631; that the fee application was timely filed; and that her

position was not substantially justified (Doc. 20).

    The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute.

The Supreme Court has indicated that "'the most useful starting

point for determining the amount of a reasonable fee is the

number of hours reasonably expended on the litigation multiplied

by a reasonable hourly rate.'"  Watford v. Heckler, 765 F.2d

1562, 1586 (11th Cir. 1985)(EAJA), quoting Hensley v. Eckerhartt,

461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983)(§ 1988).  In

describing this lodestar method of calculation, the United States

Supreme Court stated:

> This calculation provides an objective basis
> on which to make an initial estimate of the
> value of a lawyer's services.  The party
> seeking an award of fees should submit
> evidence supporting the hours worked and the
> rates claimed.  Where the documentation of
> hours is inadequate, the district court may
> reduce the award accordingly.  The district
> court also should exclude from this initial
> fee calculation hours that were not
> "reasonably expended" ....  Cases may be
> overstaffed, and the skill and experience of
> lawyers vary widely.  Counsel for the
> prevailing party should make a good-faith
> effort to exclude from a fee request hours
> that are excessive, redundant, or otherwise
> unnecessary, just as a lawyer in private
> practice ethically is obligated to exclude
> such hours from his fee submission.  In the
> private sector, 'billing judgment' is an
> important component in fee setting.  It is no
> less important here.  Hours that are not
> properly billed to one's client also are not
> properly billed to one's adversary pursuant
> to statutory authority.

Hensley, 461 U.S. at 434 (citations omitted).  Counsel must use

professional judgment in billing under EAJA.  A lawyer should

only be compensated for hours spent on activities for which he

would bill a client of means who was seriously intent on

vindicating similar rights.  <u>Norman v. Housing Authority</u>, 836

F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's Motion and

supporting documentation, and after consideration of the

reasonableness of the hours claimed, finds that Plaintiff's time

expended in prosecuting this action for a total of 5.30 hours is

reasonable.

With respect to a determination of the hourly rate to apply

in a given EAJA case, the express language of the Act provides in

pertinent part as follows:

> The amount of fees awarded under this
> subsection shall be based upon prevailing
> market rates for the kind and quality of the
> services furnished, except that ... attorney
> fees shall not be awarded in excess of $125
> per hour unless the court determines that an
> increase in the cost of living or a special
> factor, such as the limited availability of
> qualified attorneys for the proceedings
> involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

In <u>Meyer v. Sullivan</u>, 958 F.2d 1029 (11th Cir. 1992), the

Eleventh Circuit determined that the EAJA establishes a two-step

analysis for determining the appropriate hourly rate to be

applied in calculating attorney's fees under the Act.

> The first step in the analysis, ... is to
> determine the market rate for "similar
> services [provided] by lawyers of reasonably
> comparable skills, experience, and
> reputation."  ...  The second step, which is
> needed only if the market rate is greater
> than $75 per hour, is to determine whether

> the court should adjust the hourly fee
> upward...to take into account an increase in
> the cost of living, or a special factor.

Id. at 1033-34 (citations omitted & footnote omitted)[1].  The

applicant bears the burden of producing satisfactory evidence

that the requested rate is in line with prevailing market rates.

NAACP v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987).

Satisfactory evidence at a minimum is more than the affidavit of

the attorney performing the work.  Blum v. Stenson, 465 U.S. 886,

104 S.Ct. 1541, 1547 n.11 (1984).  Where the fees or time claimed

seem expanded or there is lack of documentation or testimony in

support, the court may make an award on its own experience.

Norman v. City of Montgomery, 836 F.2d 1292, 1303 (11th Cir.

1988).  Where documentation is inadequate, the court is not

relieved of its obligation to award a reasonable fee, but the

court traditionally has had the power to make such an award

without the need of further pleadings or an evidentiary hearing.

Id.

     The prevailing market rate in the Southern District of

Alabama is $125.00 per hour.  See Smith v. Massanari, Civil

Action 00-0812-P-M (October 25, 2001); Boone v. Apfel, Civil

Action 99-0965-CB-L (August 30, 2001); Lee v. Massanari, Civil

Action 00-0518-RV-S (June 29, 2001); Willits v. Massanari, Civil

---

[1] Subsequent to Meyer, the cap was raised from $75.00 per hour to $125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

Action 00-0530-RV-C (May 4, 2001); and <u>Square v. Halter</u>, Civil

Action 00-0516-BH-L (April 12, 2001).  Because the market rate is

not greater than the statutory rate of $125.00 per hour, the

Court need not reach the second step set out in the <u>Meyer</u> case.

Multiplying the 5.30 hours by the Southern District of Alabama

inflation-adjusted prevailing market rate of $125.00 results in a

fee of $662.50.

In conclusion, it is recommended, without objection, that

Plaintiff's Motion be granted as set out above and that

Plaintiff's attorney be awarded an EAJA attorney's fee in the

amount of $662.50.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.   Any party who objects to this recommendation or
anything in it must, within ten days of the date of service of
this document, file specific written objections with the clerk of
court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the
district judge of anything in the recommendation and will bar an
attack, on appeal, of the factual findings of the magistrate
judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d
736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404
(5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging
the findings and recommendations of the magistrate judge is set
out in more detail in SD ALA LR 72.4 (June 1, 1997), which
provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within ten days after being served with
> a copy of the recommendation, unless a different time
> is established by order.  The statement of objection
> shall specify those portions of the recommendation to
> which objection is made and the basis for the

objection.  The objecting party shall submit to the
district judge, at the time of filing the objection, a
brief setting forth the party's arguments that the
magistrate judge's recommendation should be reviewed <u>de
novo</u> and a different disposition made.  It is
insufficient to submit only a copy of the original
brief submitted to the magistrate judge, although a
copy of the original brief may be submitted or referred
to and incorporated into the brief in support of the
objection.  Failure to submit a brief in support of the
objection may be deemed an abandonment of the
objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

2.    **<u>Transcript (applicable where proceedings tape recorded)</u>**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 9th day of January, 2006.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE